UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAKISHA BRYANT, AS MOTHER AND
NATURAL GUARDIAN OF INFANT I.K.,
LOURETTE MATHURIN, AS MOTHER
AND NATURAL GUARDIAN OF
INFANT J.M.,

                                      Plaintiffs,

   -against-

MARK SEREBRENIK; FRANK STANKEVICIUS; LUIS FALCON; GREGORY JORDAN; MATTHEW COLON; JOSEPH PALMIOTTO; "JOHN and JANE DOE 1-10", individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

                                      Defendants.
------------------------------------------------------------------------X

**1ST AMENDED COMPLAINT AND JURY DEMAND**

Docket No.

1:15-cv-3762

ECF CASE

      Lakisha Bryant, as mother and natural guardian of infant I.K., and Lourette Mathurin, as mother and natural guardian of infant J.M., by their attorney Cary London, Esq., of London Indusi LLP, for his complaint against Defendants alleges as follows:

## PRELIMARY STATEMENT

      1. This is a civil rights action in which Plaintiffs seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

      2. The claim arises from a February 12, 2015 incident in which Defendants, acting under color of state law, unlawfully grabbed Mr. K. and Mr. M., threw them to the ground, handcuffed them, and unlawfully detained them for no reason. Mr. K. and Mr. M. spent approximately 24 hours unlawfully in police custody. At arraignment, Mr. K. and Mr. M. reluctantly accepted an

adjournment in contemplation of dismissal, and admitted no wrongdoing.

3. Plaintiffs seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiffs I.K. ("Mr. K.") and J.M. ("Mr. M.") resided at all times here relevant in Kings County, City and State of New York.

8. Police Officer Mark Serebrenik, Shield No. 10723 ("Serebrenik") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Serebrenik was, at the time relevant herein, a Police Officer under Shield # 10723 of the 80th Precinct. Defendant Serebrenik is sued in his individual capacity.

9. Police Officer Frank Stankevicius, Shield No. 111119 ("Stankevicius") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the

capacity of an agent, servant and employee of the City of New York. Defendant Stankevicius was, at the time relevant herein, a Police Officer under Shield # 111119 of the Transit Bureau District 34. Defendant Stankevicius is sued in his individual capacity.

10. Police Officer Luis Falcon, Shield No. 8442 ("Falcon") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Falcon was, at the time relevant herein, a Police Officer under Shield # 8442 of the Transit Bureau District 34. Defendant Falcon is sued in his individual capacity.

11. Police Officer Gregory Jordan, Shield No. 31481 ("Jordan") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Jordan was, at the time relevant herein, a Police Officer under Shield # 31481 of the Transit Bureau District 34. Defendant Jordan is sued in his individual capacity.

12. Police Officer Matthew Colon, Shield No. 14071 ("Colon") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Colon was, at the time relevant herein, a Police Officer under Shield # 14071 of the Transit Bureau District 34. Defendant Colon is sued in his individual capacity.

13. Police Officer Joseph Palmiotto, Shield No. 817 ("Palmiotto") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Palmiotto was, at the time relevant herein, a Police Officer under Shield # 817 of the Transit Bureau District 34. Defendant Palmiotto is sued in his individual capacity.

14. At all times relevant Defendants John Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiffs does not know the real names and/or shield number of Defendants John Doe 1 through 10.

15. At all times relevant herein, Defendants John Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John Doe 1 through 10 are sued in their individual and official capacities.

16. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

17. On February 12, 2015, at approximately 3:00 p.m., Mr. K. and Mr. M. were traveling home from high school in Brooklyn, New York.

18. After exiting the subway Mr. K. and Mr. M were walking on Brighton Beach Avenue in Brooklyn, New York.

### *Mr. K*

19. While walking on Brighton Beach Avenue, Mr. K. was grabbed and picked up from behind by Defendants, including Serebrenik, Stankevicius, Falcon, Jordon, Colon, and Palmiotto.

20. Mr. K. did not commit any crime and was not violating any local or ordinance.

21. The Defendants, including Serebrenik, Stankevicius, Falcon, Jordon, Colon, and Palmiotto proceeded to restrain Mr. K in a bearhug, causing Mr. K's jacket to tear on the sleeve.

22. The Defendants, including Serebrenik, Stankevicius, Falcon, Jordon, Colon, and Palmiotto grabbed Mr. K's arm and unlawfully put handcuffs on him.

23. Defendants did not observe Mr. K commit a crime and did not have probable cause to arrest Mr. K.

24. Mr. K. did not resist arrest.

25. Defendants searched Mr. K's person without permission or authority.

26. There was no contraband or anything of illegality in Mr. K's possession.

27. Defendants placed Mr. K. in an NYPD vehicle.

28. The defendants refused tell Mr. K why he was being arrested despite numerous requests.

### *Mr. M.*

29. While walking on Brighton Beach Avenue, Mr. M. was grabbed and restrained by Defendants, including Serebrenik, Stankevicius, Falcon, Jordon, Colon, and Palmiotto.

30. Mr. K. did not commit any crime and was not violating any local or ordinance.

31. The Defendants, including Serebrenik, Stankevicius, Falcon, Jordon, Colon, and Palmiotto pushed Mr. M's face into a car that was parked on the street.

32. The Defendants, including Serebrenik, Stankevicius, Falcon, Jordon, Colon, and Palmiotto grabbed Mr. M's arm and unlawfully put handcuffs on him.

33. Defendants did not observe Mr. M commit a crime and did not have probable cause to arrest Mr. M.

34. Mr. M. did not resist arrest.

35. Defendants searched Mr. M's person without permission or authority.

36. There was no contraband or anything of illegality in Mr. M's possession.

37. Defendants placed Mr. M. in an NYPD vehicle.

38. The defendants refused tell Mr. M. why he was being arrested despite numerous

requests.

39. Defendants then transported Mr. K. and Mr. M. to the 60th precinct and then to central booking for arraignment.

40. While Mr. K. and Mr. M. were in central bookings, defendants, including Serebrenik, Stankevicius, Falcon, Jordon, Colon, and Palmiotto conveyed false information to prosecutors in order to have Mr. K. prosecuted for Obstructing Governmental Administration in the Second Degree and other related charges.

41. Mr. K. and Mr. M. were unlawfully held in police custody for approximately 24 hours each and arraigned on those charges.

42. At arraignments, Mr. K. and Mr. M. reluctantly accepted an Adjournment in Contemplation of Dismissal.

43. At all times relevant hereto, Defendants, including Serebrenik, Stankevicius, Falcon, Jordon, Colon, and Palmiotto were involved in the decision to arrest Mr. K. and Mr. M. without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. K. and Mr. M. without probable cause.

44. During all of the events described, Defendants, including Serebrenik, Stankevicius, Falcon, Jordon, Colon, and Palmiotto acted maliciously, willfully, knowingly and with the specific intent to injure Mr. K. and Mr. M. and violate his civil rights.

45. As a direct and proximate result of the acts of Defendants, Mr. K. and Mr. M. suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

46. The above paragraphs are here incorporated by reference as though fully set forth.

47. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

48. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

49. The above paragraphs are here incorporated by reference as though fully set forth.

50. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiffs.

51. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

52. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiffs.

53. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

54. The above paragraphs are here incorporated by reference as though fully set forth.

55. The individual Defendants created false evidence against Plaintiffs, to wit, sworn

documents and testimony alleging that Mr. M and Mr. K interfered with government officials.

56. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

57. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiffs' right to a fair trial under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

58. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

59. The above paragraphs are here incorporated by reference as though fully set forth.

60. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

61. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

62. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendants, jointly and severally, as follows:

    a)     In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiffs' causes of action;

    b)     Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

c)  Awarding Plaintiffs compensatory damages in an amount to be determined by a jury;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demands a trial by jury.

Dated: January 4, 2016
Brooklyn New York

Respectfully submitted,

    /s/ Cary London, Esq.
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. K. and Mr. M.
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com