

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Aimee K. Lulich
*Assistant Corporation Counsel*
Telephone: (212) 356-2369
Fax: (212) 356-1148
alulich@law.nyc.gov

July 1, 2016

**BY ECF & HAND**
Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Lakisha Bryant, et al. v. Mark Serebrenik,
      15-CV-3762 (ARR) (CLP)

Your Honor:

  I am the Assistant Corporation Counsel assigned to represent defendants Police Officers Mark Serebrenik, Frank Stankevicius, Luis Falcon, and Matthew Colon, and Lt. Joseph Palmiotto in the above-referenced matter. Pursuant to Your Honor's individual rules of practice, defendants submit this letter to request a pre-motion conference to obtain leave to move to dismiss the instant complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. The bases for defendants' motion are set forth below.

  In the complaint, plaintiffs claim that they were subject to unlawful stop and search, false arrest, and denial of their right to fair trial on February 12, 2015. Specifically, at around 3:00 p.m. on February 12, 2015, plaintiffs' friend, a non-party known as D.M., was arrested on the B train as it was stopped in the Brighton Beach Station in Brooklyn. Plaintiffs and other students from the nearby high schools followed the police officers and D.M. off of the subway and onto the street, where a crowd formed as officers put D.M. into an NYPD vehicle to drive him to the precinct. Plaintiffs stood in front of the NYPD vehicle in which D.M. had been placed, and repeatedly yelled "what are you locking him up for." Lt. Palmiotto and other officers directed plaintiffs to move away from the vehicle. Plaintiffs did not move away from the vehicle or onto the sidewalk, and were arrested. They were charged with obstructing governmental administration in the second degree and resisting arrest. Plaintiffs accepted adjournments in contemplation of dismissal on all charges at their arraignments. In total, they were incarcerated for about 21 hours.

  A motion for summary judgment made after an adequate time for discovery requires the party with the burden of proof at trial to come forward with proper evidence to "make a showing sufficient to establish the existence of [each] element to that party's case . . . since a complete failure of proof concerning an essential element of . . . [the] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

587 (1986). 'One of the principal purposes of the summary judgment rule is to isolate and dispose of factually insupportable claims,' thereby permitting courts to avoid 'protracted, expensive and harassing trials.'"(citing Celotex, supra, 477 U.S. at 323-34; Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985), cert. denied, 474 U.S 829 (1985)).  In the instant matter, summary judgment should be granted in favor of the defendants because the evidence developed during discovery establishes that: (1)  there was probable cause to arrest plaintiffs for obstructing governmental administration and disorderly conduct; (2) beyond making generalized allegations, plaintiffs fail to demonstrate that any of the defendant officers violated their constitutional rights to a fair trial and therefore that claim should be dismissed; (3) plaintiffs failed to state a claim of failure to intervene; and (4) the defendants are entitled to qualified immunity.

First, there was probable cause to arrest and prosecute plaintiffs. "A  person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function *or prevents or attempts to prevent a public servant from performing an official function*, *by means of intimidation*, *physical force or interference…*" N.Y. Pen. Law § 195.05 (emphasis added). "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:  1. He engages in fighting or in violent, tumultuous or threatening behavior; …5. He obstructs vehicular or pedestrian traffic; or  6. He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse; or  7. He creates a hazardous or physically offensive condition by any act which serves no legitimate purpose." N.Y. Pen. Law § 240.20.

Here, it is undisputed that the plaintiffs followed police officers and D.M. off of the subway and out of the station, and were standing directly in front of the NYPD vehicle into which D.M. had been placed, in the middle of the street, where they yelled repeatedly at nearby police officers.  Further, it is undisputed that a crowd of people were gathered near the NYPD vehicle.  Officers were attempting to keep the crowd at a safe distance from the vehicle by giving orders to stay on the sidewalk.  Despite these orders and the orders of Lt. Palmiotto and other officers to step away from the vehicle, plaintiffs remained directly in front of the police car.  Accordingly, there was probable cause to arrest plaintiffs for obstructing governmental administration and for disorderly conduct.  At the very least, there was arguable probable cause for the officers to believe that plaintiffs were attempting to prevent them from arresting D.M. and/or driving to the precinct with D.M., and the officers are entitled to qualified immunity.

Second, plaintiffs have not alleged any facts to support their claims of denial of their right to a fair trial.  To prevail on a claim of denial of the right to a fair trial, plaintiffs must prove that the defendants fabricated evidence  that was likely to influence a jury's decision, forwarded that information to prosecutors, and  that the plaintiffs suffered a deprivation of liberty as a result. Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012); Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).  Where, as here, the plaintiffs have not even identified the alleged "false evidence," the claim cannot survive summary judgment. Waddlington v. City of New York, 10 Civ. 5010 (SLT) (RLM), 2013 U.S. Dist. LEXIS 136791, at *28 (E.D.N.Y. Apr. 23, 2013) (dismissing a denial of fair trial claim because the "[p]laintiff at no point alleges with specificity what false information...[the defendants]...created or forwarded to the D.A.'s Office.")

Third, plaintiffs' failure to intervene claims also fail as a matter of law.  As discussed above, plaintiffs' constitutional rights were not violated.  In the absence of a constitutional violation, there can be no failure to intervene. Waddlington, 2013 U.S. Dist. LEXIS at *30.  Further, where there is a violation of a constitutional right, liability may attach only when, "(1)

the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988)). Plaintiffs have not alleged any facts to indicate that there was a Constitutional violation, let alone that any defendant was aware of or had the ability to take reasonable steps to prevent a violation of plaintiffs' constitutional rights. Rather, plaintiffs make blanket allegations of both failure to intervene and direct violation of plaintiffs' rights against all defendants. Thus, there is no evidence upon which a reasonable jury could find that the defendant officers are liable on a theory of failure to intervene.

Accordingly, for all of the foregoing reasons, the defendants respectfully request a pre-motion conference for the purpose of seeking leave to file a motion for summary judgment. Pursuant to Your Honor's Individual Rules, I have conferred with plaintiffs' counsel, and the parties suggest the following briefing schedule:

- Motion for Summary Judgment due 5 weeks from the date of the conference;
- Opposition due 10 weeks from the date of the conference; and,
- Reply, if any, due 12 weeks from the date of the conference.

I thank the Court for its consideration of this request.

Respectfully submitted,

/S
Aimee K. Lulich
Assistant Corporation Counsel

cc: Cary London, Esq. (By ECF)
*Attorney for Plaintiff*