UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

LAKISHA BRYANT, AS MOTHER, AND NATURAL GUARDIAN OF INFANT I.K., LOURETTE MATHURIN, AS MOTHER AND NATURAL GUARDIAN OF INFANT J.M.,

Plaintiffs,

-against-

MARK SEREBRENIK; FRANK STANKEVICIUS; LUIS FALCON; MATTHEWCOLON; JOSEPH PALMIOTTO; "JOHN and JANE DOE 1-10", individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------X

**JOINT PRE-TRIAL ORDER**

ECF Case

15- CV-3762 (ARR) (CLP)

I. **Caption:**

LAKISHA BRYANT, AS MOTHER, AND NATURAL GUARDIAN OF INFANT I.K., LOURETTE MATHURIN, AS MOTHER AND NATURAL GUARDIAN OF INFANT J.M.,

Plaintiffs,

-against-

MARK SEREBRENIK; FRANK STANKEVICIUS; LUIS FALCON; MATTHEW COLON; JOSEPH PALMIOTTO,[1]

Defendants.

II. **Parties and Counsel:**

[1] Retired Police Officer Gregory Jordan was not served with process, and, thus, is not a defendant in this matter.

**Plaintiffs' Counsel**
London Indusi LLP
Cary London, Esq.
Joseph Indusi, Esq.
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
Phone: (718) 301-4593
Fax: (718) 247-9391

**Defendants' Counsel**
Zachary W. Carter
Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, NY 10007
*Attorneys for Defendants Mark Serebrenik, Frank Stankevicius, Luis Falcon, Matthew Colon, & Joseph Palmiotto*
By: Aimee K. Lulich, Senior Counsel
Tel: (212) 356-2369
alulich@law.nyc.gov

III. **Jurisdiction:**

The Court has original subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a) (3) and (4). Defendants do not dispute jurisdiction.

IV. **Jury or Bench Trial:**

The parties stipulate to a trial by jury and respectfully request 3-4 trial days to present the case.

V. **Consent to Trial by a Magistrate Judge:**

The parties do not consent to trial of the case by a magistrate judge.

VI. **Claims and Defenses**

A. Plaintiffs' Claims

1. Unlawful Stop & Search
An unlawful stop and search occurs when, in the absence of reasonable suspicion that criminal activity is afoot, a person is seized within the meaning of the Fourth Amendment, meaning "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."

*Davis v. City of N.Y.*, 902 F. Supp. 2d 405, 428 n.131 (S.D.N.Y. 2012) (quoting *United States v. Mendenhall,* 446 U.S. 544, 554 (1980) (quotation marks omitted).

2. False Arrest
Defendants bear the burden of proving by a preponderance of the evidence that they had probable cause to arrest I.K. and J.M. The elements of a false arrest claim are: 1) the defendant intended to confine the plaintiff; 2) the plaintiff was conscious of the confinement; 3) the plaintiff did not consent to the confinement; and 4) the confinement was not subject to probable cause or otherwise privileged. *Broughton v. State,* 37 N.Y.2d 451, 456 (1975).

3. Denial of Fair Trial/Evidence Fabrication against Defendant Mark Serebrenik
The elements of a denial of the right to a fair trial claim are: 1) an investigating official; 2) fabricates evidence; 3) that is likely to influence a jury's decision; 4) forwards that information to prosecutors; and 5) the plaintiff suffers a deprivation of liberty as a result. *Jovanovic v. City of New York*, 486 Fed. Appx. 149, 152 (2d Cir. 2012), citing *Jocks v. Tavernier,* 316 F.3d 128, 138 (2d Cir.2003).

4. Failure to Intervene Related to the False Arrest Claim Against All Defendants, and Related to the Denial of Right to Fair Trial Against Defendants Stankevicius, Colon, Falcon, and Palmiotto
The elements of a failure to intervene are: 1) that a defendant subjected plaintiff to an unlawful act; 2) that another defendant observed those actions and knew they were unlawful; 3) that the observing defendant had a realistic opportunity to intervene; and 4) that the defendant failed to take a reasonable steps to prevent the violations of the plaintiff's constitutional rights. Martin A. Schwartz & Judge George C. Pratt, *Section 1983 Litigation Jury Instructions;* Instruction 7.02.2; *O'Neill v. Krzeminski,* 839 F.2d 9, 11 (2d Cir. 1988) (law enforcement officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement from other law enforcement personnel in their presence).

B. <u>The following claims were dismissed by the Court on October 28, 2016</u>

1. Denial of Right to Fair Trial Claim Against Frank Stankevicius, Matthew Colon, Luis Falcon, and Joseph Palmiotto[2]
2. Failure to Intervene Related to Denial of Right to Fair Trial Against Mark Serebrenik

C. <u>Defendants' Defenses</u>

1. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing

[2] Plaintiffs reserve the right to amend this JPTO to reflect additional information and/or material relating to plaintiffs' denial of the right to a fair trial claims should those claims proceed to trial and new evidence arises which contradicts defendants' assertions that only Officer Serebrenik was involved in the creation of the criminal complaint.

for the protection of civil rights.

2. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others, non-parties or third parties for whom defendants are not responsible, and was not the proximate result of any act of defendants.
3. Any search of plaintiffs was privileged.
4. There was probable cause for plaintiffs' arrests, detentions, and prosecutions.
5. There was reasonable suspicion to stop plaintiffs.
6. Defendants did not have a realistic opportunity to prevent any Constitutional harm to plaintiffs and did not have reason to believe that plaintiffs' Constitutional rights were violated.
7. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore are protected by qualified immunity

VII. **Damages & Relief:**

1. Compensatory damages for loss of liberty, emotional damages, and violation of plaintiffs' Constitutional rights.
2. Punitive damages to deter future Constitutional violations by the Defendants.
3. Reasonable attorney's fees and expenses for the costs of litigation.

VIII. **Stipulations:**

1. Plaintiffs were arrested on February 12, 2015.
2. Plaintiffs were charged with obstructing governmental administration in the second degree and resisting arrest.
3. Plaintiffs accepted adjournments in contemplation of dismissal of all charges.

IX. **Witnesses** (all testimony will be in person, assuming the witness is available at the time of trial):

Plaintiffs' Witnesses:[3]

1. Plaintiff I.K. will testify as to the circumstances of his arrest and the resultant damages.
2. Plaintiff J.M. will testify as to the circumstances of his arrest and the resultant damages.
3. Defendant Mark Serebrenik will testify as to the circumstances of plaintiffs' arrest.
4. Defendant Frank Stankevicius will testify as to the circumstances of plaintiffs' arrest.
5. Defendant Luis Falcon will testify as to the circumstances of plaintiffs' arrest.
6. Defendant Matthew Colon will testify as to the circumstances of plaintiffs' arrest.
7. Defendant Joseph Palmiotto will testify as to the circumstances of plaintiffs' arrest.

Defendants' Witnesses:

[3] Defendants reserve their right to call any and all of plaintiff's witnesses listed above.

8. Mark Serebrenik will testify about his interactions with and observations of plaintiffs I.K. and J.M. on
9. Frank Stankevicius will testify as to the circumstances of plaintiffs' arrest.
10. Luis Falcon will testify as to the circumstances of plaintiffs' arrest.
11. Matthew Colon will testify as to the circumstances of plaintiffs' arrest.
12. Joseph Palmiotto will testify as to the circumstances of plaintiffs' arrest.

X. **Deposition Testimony:**

Plaintiff[4]

| **Falcone** | **Cross-Designation(s)** | **Objection(s)** |
|---|---|---|
| 16: 06-10 | | 402, 403, 802, 804 |
| 19: 12-23 | | 402, 403, 802, 804 |
| 22: 7-9 | | 402, 403, 802, 804 |
| 23: 13-15 | | 402, 403, 802, 804 |
| 23:25 – 24: 2-18 | | 402, 403, 802, 804 |
| 37: 9-16 | | 402, 403, 802, 804 |
| 41: 17-19 | | 402, 403, 802, 804 |
| 41: 20-24 | | 402, 403, 802, 804 |
| 43:21-24 | | 402, 403, 802, 804 |
| **Colon** | | |
| 19:7-10 | | 402, 403, 802, 804 |
| 26: 7-17 | | 402, 403, 802, 804 |
| **Stankevicius** | | |
| 24:5-12 | | 402, 403, 802, 804 |
| 28: 19-23 | | 402, 403, 802, 804 |
| 30: 24-25 | | 402, 403, 802, 804 |
| 32: 3-7 | | 402, 403, 802, 804 |
| 35: 9-12 | | 402, 403, 802, 804 |
| 37:11-16 | | 402, 403, 802, 804 |
| 40:11-13 | | 402, 403, 802, 804 |

[4] Defendants object to plaintiffs' designation of deposition testimony for their case-in-chief in its entirety, as all individuals identified will be present and able to testify in person at trial. Plaintiffs cannot make any showing that the introduction of defendants' deposition testimony is appropriate pursuant to F.R.E. 804.

| | | |
|---|---|---|
| 47: 14-21 | | 402, 403, 802, 804 |
| **Serebrenik** | | |
| 32:8-10 | | 402, 403, 802, 804 |
| 50: 14-18 | | 402, 403, 802, 804 |
| 55:10-13 | | 402, 403, 802, 804 |
| 59: 5-8 | | 402, 403, 802, 804 |
| 64: 3-8 | | 402, 403, 802, 804 |
| 65: 14-17 | | 402, 403, 802, 804 |
| **Palmiotto** | | |
| 14:24-25, 15: 2-3 | | 402, 403, 802, 804 |
| 23:7-9 | | 402, 403, 802, 804 |
| 34: 14-18 | | 402, 403, 802, 804 |
| **Sanchez** | | |
| 15: 2-6 | | 402, 403, 802, 804 |
| 15:17-23 | | 402, 403, 802, 804 |
| 25: 12-17 | | 402, 403, 802, 804 |
| 26: 24-25 26: 2 | | 402, 403, 802, 804 |
| 28: 14-17 | | 402, 403, 802, 804 |
| 30:11-14 | | 402, 403, 802, 804 |
| 34: 2-7 | | 402, 403, 802, 804 |
| | | |

Defendants are not designating any prior sworn testimony for their case-in-chief, but respectfully reserve the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment. Additionally, defendants object to plaintiff's use of deposition testimony of any witness not present at trial unless plaintiff has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence.

XI. **Exhibits:**

A. Plaintiffs' Exhibits[5]

| No. | Description | Bates | Objection | Basis for Objection |
|---|---|---|---|---|
| 1 | Criminal Complaint | D39 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 2 | Complaint Report | D1-3 | 402, 403, 802 | Waste of time. Needlessly cumulative. Contains hearsay. |
| 3 | Scratch Report | D17-22 | 402, 403, 802 | Waste of time. Needlessly cumulative. Contains hearsay. |
| 4 | I.K. Arrest Report | D4-6 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 5 | J.M. Arrest Report | D7-9 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 6 | OLPA I.K. | D10-11 | 402, 403, 802 | Not relevant to any fact at issue. Potentially confusing. Waste of time. Needlessly cumulative. |
| 7 | OLPA J.M. | D75-76 | 402, 403, 802 | Not relevant to any fact at issue. Potentially confusing. Waste of time. Needlessly cumulative. |
| 8 | J.M. Certificate of Disposition | D40 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 9 | I.K. Certificate of Disposition | D41 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 10 | SPRINT Report | D23-37 | 402, 403, 802 | Confusion. Waste of time. Needlessly cumulative, contains hearsay. This document was not prepared by any of the defendants. |
| 11 | Lt. Palmiotto Memo Book | D49-51 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |

[5] Defendants reserve the right to use any of the exhibits listed by plaintiffs.

| | | | | |
|---|---|---|---|---|
| 12 | PO Sanchez Memo Book | D72-74 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 13 | PO Colon Memo Book | D46-48 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 14 | PO Falcon Memo Book | D66-69 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 15 | PO Serebrenik Memo Book | D13-16 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 16 | PO Stankevicius Memo Book | D61-65 | 402, 403, 802 | Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 17 | PO Palmiotto CPI | D57 | 402, 403, 404, 802 | Not relevant to any fact at issue. Prejudicial. Waste of time. Inadmissible character evidence. Contains hearsay. |
| 18 | PO Palmiotto IAB Resume | D58 | 402, 403, 404, 802 | Not relevant to any fact at issue. Prejudicial. Waste of time. Inadmissible character evidence. Contains hearsay. |
| 19 | Cell Phone Video of Incident | P2[6] | 402, 403, 802 | No document Bates Stamped "P2" was produced during discovery, nor did plaintiffs produce or identify any video in this matter. To the extent plaintiffs intend to identify the video produced by defendants and posted to facebook at https://www.facebook.com/WORLDFAMOUSNEEF/videos/352162358309061/, defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |

[6] No document bearing the Bates Stamp "P2" was produced or identified by plaintiffs, nor has any video been produced by plaintiffs to defendants to date.

B. Defendants' Exhibits

| No. | Description | Bates | Objection | Basis for Objection |
|---|---|---|---|---|
| A | Video of Incident posted to facebook | | | |
| B | Complaint (Impeachment) | | | |
| C | Amended Complaint (Impeachment) | | | |
| D | Plaintiffs' Objections and Resposes to Defendants' First Set of Interrogatories and Requests for Production of Documents (Impeachment) | | | |
| E | Plaintiffs' Initial Disclosures (Impeachment) | | | |
| F | I.K.'s Deposition Testimony (Impeachment) | | | |
| G | J.M.'s Deposition Testimony (Impeachment) | | | |

XII. **Motions in Limine:**

Plaintiffs should be permitted to introduce evidence that Defendant Palmiotto- the key witness as to probable cause- allegedly in the past improperly withheld official information regarding his name and badge number.

Defendants' Motions in Limine are contained in a separate document, being filed contemporaneously with this JPTO.

XIII. **Joint Request to Charge:**

The parties' Joint Request to Charge is contained in a separate document, being filed contemporaneously with the JPTO.

Dated: January 27, 2017
Brooklyn, New York

Cary London, Esq.
London Indusi LLP
Attorney for Plaintiffs
186 Joralemon Street
Suite 1202
Brooklyn, NY 11201
Phone: 718-301-4593
Fax: 718-247-9391
Cary@LondonIndusi.com

Aimee Lulich, Esq.
New York City Law Department
*Attorney for Defendants Mark Serebrenik, Frank Stankevicius, Matthew Colon, Luis Falcon, and Joseph Palmiotto*
100 Church Street
New York, NY 10007
Phone: (212) 356-2369