UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LAKISHA BRYANT, AS MOTHER AND NATURAL
GUARDIAN OF INFANT I.K., LOURETTE
MATHURIN, AS MOTHER AND NATURAL
GUARDIAN OF INFANT J.M.,

                                      Plaintiffs,

-against-

MARK SEREBRENIK; FRANK STANKEVICIUS;
LUIS FALCON; MATTHEW COLON; JOSEPH
PALMIOTTO,

                                      Defendants.
------------------------------------------------------------------------x

**PLAINTIFFS' PRETRIAL SUBMISSIONS CONCERNING MATTERS TO BE RESOLVED IN LIMINE**

15-CV-3762 (ARR) (CLP)

## PRELIMINARY STATEMENT

Plaintiffs, I.K. and J.M., bring this action against defendant Police Officers Mark Serebrenik, Frank Stankevicius, Luis Falcon, Matthew Colon, and Lt. Joseph Palmiotto ("defendants") alleging violations of their civil rights under 42 U.S.C. § 1983 as the result of a February 12, 2015 incident. Specifically, defendants subjected plaintiffs to an unlawful stop and search, false arrest, the denial of their right to a fair trial, and otherwise failed to intervene to prevent the violations of plaintiffs' civil rights.

Plaintiffs, by their attorney, Cary London, Esq., of London Indusi LLP, respectfully submit this memorandum of law in support of their motion seeking the following *in limine* relief: (1) Plaintiffs should be permitted to introduce evidence that Defendant Palmiotto- the key witness as to probable cause- allegedly in the past improperly withheld official information regarding his name and badge number.

## POINT I

**PLAINTIFFS SHOULD BE PERMITTED TO INTRODUCE THAT DEFENDANT PALMIOTTO IN THE PAST IMPROPERLY WITHELD OFFICIAL INFORMATION REGARDING HIS NAME AND BADGE NUMBER**

Plaintiffs should be permitted to introduce evidence that Defendant Palmiotto- the key witness as to probable cause- allegedly in the past improperly withheld official information regarding his name and badge number as it is probative of his untruthfulness and therefore, admissible under Federal Rule of Evidence 608(b). Rule 608(b) states that "except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of…the witness." Here, Defendant Palmiotto's act of intentionally withholding his name and badge to a civilian is probative as to his untruthfulness and relevant to plaintiffs' claims- namely, false arrest. Furthermore, since Defendant Palmiotto is the key witness as to probable cause, it is only fair that plaintiffs' be entitled to impeach his credibility with prior acts of dishonesty. Thus, plaintiffs should be permitted to question Defendant Palmiotto about an alleged incident where he unlawfully withheld official information regarding his name and badge number.

Plaintiffs should also be permitted to introduce the evidence under Federal Rule of Evidence 404(b). Federal Rule 404(b) provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.... This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Supreme Court has set forth four requirements for

courts to follow in exercising their discretion under Rule: "Prior bad-acts evidence must be (1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial. In addition, (4) at defendant's request, the district court should give the jury an appropriate limiting instruction." *United States v. Downing,* 297 F.3d 52, 58 (2d Cir.2002) (citing *Huddleston v. United States,* 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)). Courts of the Second Circuit have adopted an "inclusionary approach" under Rule 404(b), admitting evidence of other crimes, wrongs or acts "unless it is introduced for the sole purpose of showing defendant's bad character, or unless it is overly prejudicial under Fed.R.Evid. 403 or not relevant under Fed.R.Evid. 402." *United States v. Pascarella,* 84 F.3d 61, 69 (2d Cir.1996). In the Rule 404(b) context, the court need only determine that a "jury [could have] reasonably conclude[d] that the [other] act occurred and that the defendant was the actor." *See Huddleston,* 485 U.S. at 689, 108 S.Ct. 1496. The district court has broad discretion to admit evidence pursuant to Rule 404(b), and its ruling will not be overturned on appeal absent abuse of discretion. *See United States v. Carboni,* 204 F.3d 39, 44 (2d Cir.2000).

Here, Defendant Palmiotto's alleged previous attempt to withhold official information is proof of his intent- that he intentionally ordered the false arrest of plaintiffs. This is relevant to plaintiffs' causes of action - namely false arrest - and their claims for damages. In addition to a claim for nominal damages, plaintiffs' are also seeking punitive damages, which requires plaintiffs prove that defendants acted *intentionally*. Thus, evidence of a past unlawful and *intentional* act would be relevant to plaintiff's case. Moreover, the probative value of this evidence substantially outweighs the risks of unfair prejudice. As indicated above, allegations of intentional wrongful conduct are highly relevant to plaintiffs' claims for false arrest and damages, which greatly outweighs any risk of prejudice to Defendant Palmiotto. Additionally,

the Court may issue a limiting instruction to the jury if it feels necessary in order to minimize any prejudice or confusion.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court grant their motions in their entirety, together with such other and further relief as the Court deems just.

Dated: February 2, 2017
New York, New York

/s/ Cary London, Esq.
Cary London, Esq.
London Indusi LLP
Attorney for Plaintiffs
186 Joralemon Street
Suite 1202
Brooklyn, NY 11201
Phone: 718-301-4593
Fax: 718-247-9391
Cary@LondonIndusi.com

cc: Aimee Lulich, Esq. (By ECF)
*Attorney for Defendants*