UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LAKISHA BRYANT, AS MOTHER AND NATURAL
GUARDIAN OF INFANT I.K., LOURETTE
MATHURIN, AS MOTHER AND NATURAL
GUARDIAN OF INFANT J.M.,

                                     Plaintiffs,

-against-

MARK SEREBRENIK; FRANK STANKEVICIUS;
LUIS FALCON; MATTHEW COLON; JOSEPH
PALMIOTTO,

                                     Defendants.
------------------------------------------------------------------------x

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' PRETRIAL SUBMISSION CONCERNING MATTERS TO BE RESOLVED IN LIMINE**

15-CV-3762 (ARR) (CLP)

## PRELIMINARY STATEMENT

Defendants Mark Serebrenik, Frank Stankevicius, Luis Falcon, Matthew Colon, and Joseph Palmiotto submit this opposition memorandum in response to plaintiffs' motion in limine, included in Section XII of the Joint Proposed Pre-Trial Order ("JPTO") filed on January 27, 2017. Plaintiffs motion states, in full: "Plaintiffs should be permitted to introduce evidence that Defendant Palmiotto-the key witness as to probable cause- allegedly in the past improperly withheld official information regarding his name and badge number."[1]

As a preliminary matter, Lt. Palmiotto has never been disciplined for failing to provide his name or shield number, nor has any complaint that he failed to provide his name or shield number been substantiated or founded by the NYPD or the Civilian Complaint Review Board. Additionally, the plaintiffs do not allege that Lt. Palmiotto refused to provide his name or

---

[1] Defendants dispute plaintiffs' assertion that Lt. Palmiotto is the "key witness as to probable cause." Each of the defendant officers, and the non-party witness Police Officer Elsa Sanchez, testified that they personally observed plaintiffs' actions leading up to the arrests, and that they believed these actions consitituted probable cause to arrest the plaintiffs.

shield number during the events at issue. Thus, plaintiffs' request can only relate to the introduction of evidence that someone alleged that Lt. Palmiotto did not provide his name or shield number during an interaction that is unrelated to the arrests at issue.

It is not clear from plaintiffs' request what "evidence" they seek to introduce, nor under what theory or rule of evidence such "evidence" would be admissible. As plaintiffs' Exhibit List (JPTO at § XI.A) contains "PO Palmiotto CPI [New York City Police Department ("NYPD") Central Personnel Index]" and "PO Palmiotto IAB [Internal Affairs Bureau] Resume", defendants assume that plaintiffs' "evidence" consists of these two documents and/or that plaintiffs intend to elicit testimony regarding a purported failure of Lt. Palimiotto to provide his name and shield number. As set forth in Defendants' Pre-Trial Submissions Concerning Matters to be Resolved *in limine*, dated January 27, 2017, and further detailed herein, plaintiffs should be precluded from eliciting any evidence of a complaint regarding an alleged failure of Lt. Palmiotto to provide his name or shield number, and from introducing Lt. Palimotto's IAB resume or CPI. Any such evidence is irrelevant and prohibited by Rules 403, 404(b), & 802 of the Federal Rules of Evidence.

**ARGUMENT**

Plaintiffs have not identified any relevant, admissible purpose for introducing the allegation that Lt. Palmiotto refused to provide his name or shield number to someone other than plaintiffs during a separate, unrelated interaction. First, this evidence does not make any of the underlying facts at trial more or less likely to be true. The only potential conclusion is that plaintiffs wish to present the allegation against Lt. Palmiotto for the purpose of suggesting that he had a propensity to engage in misconduct. Evidence of past acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance

2

with the character." Fed. R. Civ. P. 404(b)(1).  Further, plaintiffs have not, and cannot, identify any "permitted use" for the allegation against Lt. Palmiotto as set forth in Fed. R. Civ. P. 404(b)(2).  Thus, plaintiffs should be precluded from introducing or eliciting any evidence of an allegation against Lt. Palmiotto because it is not relevant under Rule 401, and is in direct conflict with Rule 404.

Moreover, even if plaintiffs were to identify some not-for-character purpose for the admission of the allegation against Lt. Palmiotto, the Second Circuit has uniformly held that evidence of an officer's past bad acts are only admissible under Rule 404(b) if the alleged past bad act has a close nexus with the acts complained of by plaintiff in his complaint.  United States v. Perez, 325 F.3d 115, 129 (2d Cir. 2003) (quoting 22 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5245 (1978)) ("Similarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charged."); Ricketts v. City of Hartford, 74 F.3d 1397, 1414 (2d Cir. 1996) (reasoning that it would be an abuse of discretion to admit similar act evidence at trial if the prior act was not sufficiently similar); cf. United States v. Aminy, 15 F.3d 258, 260 (2d Cir. 1994) (admitting evidence of other acts because sufficient similarity showed relevance); Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991).  Here, the record is devoid of any similarities between the events at issue and an allegation of failing to provide a name or shield number.

Second, bad act evidence of a sufficiently similar nature is not automatically admissible even where the proponent has articulated some not-for-character purpose.  Plaintiffs should be precluded from offering or eliciting the evidence under Fed. R. Civ. P. 403, because the danger of unfair prejudice, confusion, and waste of time outweigh any probative value.  Huddleston v. United States, 485 U.S. 681, 688 (1988) ("the decision to admit evidence under Rule 404(b)

depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403"); United States v. Benedetto, 571 F.2d 1246, 1248 (2d Cir. 1978); United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986); United States v. Margiotta, 662 F.2d 131, 142 (2d Cir. 1981); Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991); Wright & Graham, Federal Practice & Procedure: Evidence § 5240 at 472 ("even if the evidence falls within one of the traditional exceptions [in Rule 404(b)], the trial judge may still exclude it on the discretionary grounds listed in Rule 403"). Here, evidence of unrelated allegations of misconduct is substantially more prejudicial than probative and is, thus, inadmissible pursuant to Rule 403. Admitting evidence of an unrelated complaint would unfairly burden Lt. Palmiotto, who would then be required to explain the particular facts and circumstances of an unrelated incident,[2] which would in turn confuse and distract the jury from the ultimate issue of whether defendants violated plaintiffs' constitutional rights in this case.

       Third, there is no evidence on the record to suggest that the allegation of failure to provide a name or shield number is in any way probative of Lt. Palmiotto's veracity as a witness under Fed. R. Evid. 608. Plaintiffs point to a vague allegation of failure to provide his name or shield number, which is not in itself a dishonest act. Additionally, even if it were probative of a witness' character for truthfulness, plaintiffs would be precluded from introducing his CPI and IAB resume as extrinsic evidence of character for truthfulness under Rule 608(b).

       Finally, plaintiffs should be precluded from introducing evidence or eliciting testimony regarding an unsubstantiated allegation against Lt. Palmiotto because it is inadmissible hearsay

---

[2] Further, it is not even clear that Lt. Palmiotto was told that there was an allegation against him, or that he is aware of the allegation and able to describe the facts and circumstances surrounding this unrelated event.

under Fed. R. Civ. P. 802, and does not fall under any of the exceptions enumerated in Fed. R. Civ. P. 803.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court preclude plaintiffs from introducing or eliciting evidence regarding any allegation of failure to withhold his name and shield number, together with such other and further relief as the Court deems just.

Dated: February 6, 2017
         New York, New York

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants Mark Serebrenik, Frank Stankevicius, Matthew Colon, Luis Falcon, and Joseph Palmiotto*
100 Church Street
New York, New York 10007
(212) 356-2369

By: /S
    Aimee Lulich
    Senior Counsel

cc: Cary London, Esq. (By ECF)
    *Attorney for Plaintiffs*