UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

LAKISHA BRYANT, AS MOTHER AND NATURAL
GUARDIAN OF INFANT I.K., LOURETTE
MATHURIN, AS MOTHER AND NATURAL
GUARDIAN OF INFANT J.M.,

Plaintiffs,

-against-

MARK SEREBRENIK; FRANK STANKEVICIUS;
LUIS FALCON; MATTHEW COLON; JOSEPH
PALMIOTTO,

Defendants.
-----------------------------------------------------------------------x

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION CONCERNING MATTERS TO BE RESOLVED IN LIMINE**

15-CV-3762 (ARR) (CLP)

## PRELIMINARY STATEMENT

Defendants Mark Serebrenik, Frank Stankevicius, Luis Falcon, Matthew Colon, and Joseph Palmiotto submit this reply memorandum in further support of defendants' motions *in limine*, filed on January 27, 2017. In plaintiffs' opposition to defendants' motions *in limine*, filed on February 2, 2017, plaintiffs argue that they should be permitted to introduce evidence of an unsubstantiated complaint to the New York City Police Department ("NYPD") that Lt. Palmiotto refused to give his name or shield number to an individual. (Pl. Opp. at 1.) Plaintiffs argue that this unsubstantiated allegation is admissible under Rules 608 and/or 404(b) of the Federal Rules of Evidence. (Id. at 2 – 3.) However, as set forth in defendants' motions *in limine*, and defendants' opposition to plaintiffs' motion *in limine*, any such evidence is irrelevant and inadmissible under Rules 403, 404(b), 608, & 802 of the Federal Rules of Evidence. Accordingly, plaintiffs should be precluded from eliciting testimony about or introducing documentary evidence of an allegation, made nearly 7 years ago, that Lt. Palmiotto failed to provide his name or shield number during an interaction that is unrelated to the arrests at issue.

Additionally, plaintiffs do not oppose defendants' requests that plaintiffs be precluded from referring to defense counsel as "City Attorneys," suggesting that the City may indemnify the officers, and requesting a specific dollar amount from the jury. Further, plaintiffs do not oppose defendants' request that plaintiffs be precluded from eliciting evidence of any prior lawsuits against the defendants, the defendants' disciplinary histories, any complaints against defendants Mark Serebrenik, Frank Stankevicius, Luis Falcon, or Matthew Colon, or any complaints against Lt. Palmiotto other than the allegation that he failed to provide his name and shield number on one occasion.

## **ARGUMENT**

Plaintiffs argue that an unsubstantiated allegation that Lt. Palmiotto failed to provide his name and shield number is admissible because it (1) is probative of his character for truthfulness under Fed. R. Evid. 608(b); [1] or, (2) is "proof of his intent" and, thus, admissible under Fed. R. Evid. 404(b). Both arguments are unavailing.

A. The Unsubstantiated Allegation is Not Admissible Under Rule 608

First, plaintiffs offer no facts or explanation to support their contention that an alleged and unsubstantiated complaint that he failed to provide his name and shield number is probative of Lt. Palmiotto's veracity as a witness under Fed. R. Evid. 608. The entirety of evidence on the record regarding this allegation is an entry on Lt. Palmiotto's Internal Affairs Bureau ("IAB") resume and Central Personnel Index ("CPI") indicating that there was a complaint of "failure to provide name/shield" on March 17, 2011, and that the allegation was

---

[1] Defendants dispute plaintiffs' assertion that Lt. Palmiotto is the "key witness as to probable cause." (Pl. MIL at 1.) Each of the defendant officers, and the non-party witness Police Officer Elsa Sanchez, testified that they personally observed plaintiffs' actions leading up to the arrests, and that they believed these actions consititued probable cause to arrest the plaintiffs.

2

unsubstantiated and closed on September 25, 2012.  The "failure to provide name/shield" is not intrinsically a dishonest act, and the evidence of record does not support a finding that the allegation is relevant to Lt. Palmiotto's veracity in this particular case.  Additionally, even if it were probative of a witness' character for truthfulness, plaintiffs would be precluded from introducing his CPI and IAB resume as extrinsic evidence of character for truthfulness under Rule 608(b).  Thus, neither testimony nor documentary evidence of the unsubstantiated allegation against Lt. Palmiotto should be admitted under Fed. R. Evid. 608.

B.  The Unsubstantiated Allegation is Not Admissible Under Rule 404(b)

Second, plaintiffs argue that the allegation is admissible as a "prior bad act" under Fed. R. Evid. 404(b) because it will be offered as proof of the defendant's intent.  (Pl. MIL at 3.)  Other acts evidence is admissible under 404(b) if (1) it is introduced for a proper purpose; (2) it is relevant to an issue in the case pursuant to Rule 402, as enforced through Rule 104(b); and (3) its probative value is substantially outweighed by the potential for jury confusion or prejudice.  See United States v. Gilan, 967 F.2d 776, 780 (2d Cir. 1992) (citing Huddleston v. United States, 485 U.S. 681, 688, 108 S. Ct. 1496, 1500 (1988).

Plaintiffs attempt to circumvent Fed. R. Evid. 404 by purporting that they will offer the unrelated allegation as evidence of intent to falsely arrest the plaintiffs.  However, plaintiffs have provided no explanation for this contention, and no caselaw to support any finding that the unrelated allegation could be relevant to Lt. Palmiotto's intent during plaintiffs' arrests.  Plaintiff's unsupported identification of a "permitted use" for the allegation against Lt. Palmiotto is merely a pretext, and plaintiffs should be precluded from introducing the allegation.

Further, the allegation is inadmissible because a jury could not reasonably find that Lt. Palmiotto actually did fail to provide his name or shield number during an encounter

with an unknown individual in 2011. Lt. Palmiotto's IAB documents indicate that the allegation was unsubstantiated, and there is no other evidence on the record by which a jury could come to any other conclusion. "[Other] act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." United States v. LaFlam, 369 F.3d 153, 157 (2d Cir. 2004) (quoting Huddleston, 485 U.S. at 689); see United States v. Ramirez, 894 F.2d 565, 569 (2d Cir. 1990) ("The relevancy of [other act] evidence is insured by the requirements of [Federal] Rule [of Evidence] 104(b); and accordingly, [other act] evidence is relevant if the jury could reasonably find by a preponderance of the evidence that the act occurred and that the defendant committed the act."), see also  Gilan, 967 F2d at 780; United States v. Barret, No. 10-CR0809 (KAM), 2011 U.S. Dist. LEXIS  149989 at *15 (E.D.N.Y. Dec. 31, 2011). Thus, the unsubstantiated complaint against Lt. Palmiotto is not relevant pursuant to Rule 402, as enforced through Rule 104(b).

Finally, plaintiffs should be precluded from offering or eliciting the evidence under Fed. R. Evid. 403, because the danger of unfair prejudice, confusion, and waste of time outweigh any probative value.  Huddleston v. United States, 485 U.S. 681, 688 (1988) ("the decision to admit evidence under Rule 404(b) depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403"); United States v. Benedetto, 571 F.2d 1246, 1248 (2d Cir. 1978); United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986); United States v. Margiotta, 662 F.2d 131, 142 (2d Cir. 1981); Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991); Wright & Graham, Federal Practice & Procedure: Evidence § 5240 at 472 ("even if the evidence falls within one of the traditional exceptions [in Rule 404(b)], the trial judge may still exclude it on the discretionary grounds

listed in Rule 403"). Here, evidence of unrelated allegations of misconduct is substantially more prejudicial than probative and is, thus, inadmissible pursuant to Rule 403.  Admitting evidence of an unrelated complaint would unfairly burden Lt. Palmiotto, who would then be required to explain the particular facts and circumstances of an unrelated incident,[2] which would in turn confuse and distract the jury from the ultimate issue of whether defendants violated plaintiffs' constitutional rights in this case.

## CONCLUSION

For the foregoing reasons, and as set forth in Defendants' Motions in limine and Defendants' Opposition to Plaintiffs' Motions in limine, defendants respectfully request that the Court grant their motions in their entirety, together with such other and further relief as the Court deems just.

Dated:          February 10, 2017
                New York, New York


                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants Mark Serebrenik, Frank
                              Stankevicius, Matthew Colon, Luis Falcon, and
                              Joseph Palmiotto*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2369

                              By:   /S_____
                                    Aimee Lulich
                                    Senior Counsel


cc:      Cary London, Esq. (By ECF)
         *Attorney for Plaintiffs*

---

[2] Further, it is not even clear that Lt. Palmiotto was told that there was an allegation against him, or that he is aware of the allegation and able to describe the facts and circumstances surrounding this unrelated event.