```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
LAKISHA BRYANT, AS MOTHER AND NATURAL                                   :   15-CV-3762 (ARR)(CLP)
GUARDIAN OF INFANT I.K.; LOURETTE MATHURIN,                             :
AS MOTHER AND NATURAL GUARDIAN OF INFANT                                :   NOT FOR ELECTRONIC
J.M.,                                                                   :   OR PRINT PUBLICATION
                                                                        :
                Plaintiffs,                                             :   OPINION & ORDER
                                                                        :
        -against-                                                       :
                                                                        :
MARK SEREBRENIK; FRANK STANKEVICIUS; LUIS                               :
FALCON; GREGORY JORDAN; MATTHEW COLON;                                  X
and JOSEPH PALMIOTTO

                Defendants.
-----------------------------------------------------------------------
```

ROSS, United States District Judge:

In preparation for trial in this civil rights action brought against defendant police officers, the parties have submitted various matters for resolution in limine.  See Proposed Pretrial Order, Joint, ECF No. 50, at 10; Mot. in Limine, ECF No. 52.  The factual and procedural background of this case are set forth in my ruling on summary judgment.  See Opinion & Order (Oct. 28, 2015), ECF No. 44, at 3-4.  Defendants have moved to preclude plaintiffs from referencing the City of New York, requesting a specific dollar amount from the jury, and inquiring into defendants' disciplinary histories.  Plaintiffs have requested permission to present evidence of a specific complaint against one defendant officer.  As set forth below, defendants' motions in limine are granted, and plaintiffs' motion in limine is denied.

1

## DISCUSSION

**(1) References to City of New York**

Defendants have moved to preclude plaintiff from referring to defense counsel as "City attorneys," or referring to indemnification by the City. Based on plaintiffs' written submissions, which do not address this request, I assume plaintiffs do not oppose this motion. In any event, the City of New York is not a defendant in this action. Further, defendants have indicated that they are willing to stipulate that the individual defendants were acting in the course of their employment. On the basis of this stipulation, I see no reason for plaintiff to reference the City of New York. Therefore, this motion is granted.

**(2) Requesting a Specific Dollar Amount**

Defendants have moved to preclude plaintiffs from requesting a specific dollar amount from the jury. Once again, based on plaintiffs' written submissions, which do not address this request, I assume plaintiffs do not oppose this motion. In any event, within this circuit, "specifying target amounts for the jury to award is disfavored." Consorti v. Armstrong World Indus., Inc., 72 F.3d 1003, 1016 (2d Cir. 1995), vacated on other grounds, 518 U.S. 1031 (1996). Although the determination falls within the discretion of the district court, Lightfoot v. Union Carbide Corp., 110 F.3d 898, 912 (2d Cir. 1997), I see no reason to contravene the circuit's well-established policy disfavoring it. Accordingly, this motion is granted.

**(3) Defendants' Disciplinary Histories, Complaints Against Officers, and Prior Lawsuits**

Defendants have moved to exclude evidence of their prior disciplinary histories, complaints, and prior lawsuits with respect to any testifying officer as inadmissible character evidence under Rule 404(b). Defendants have also moved to exclude evidence of prior lawsuits brought against the individual defendants or non-party officers called to testify on the basis that

this evidence is more prejudicial than probative, and any documentation concerning these lawsuits is inadmissible hearsay under Rule 802.

Plaintiffs' sole motion in limine requests permission to introduce evidence that Officer Palmiotto allegedly in the past improperly withheld his name and badge number. Plaintiffs' written submissions do not identify any other evidence of disciplinary history, complaints or prior lawsuits plaintiffs wish to introduce. With respect to the evidence plaintiffs have identified, it apparently consists of entries on Officer Palmiotto's personnel files indicating that there was complaint of "failure to provide name/shield" on March 17, 2011, and that the allegation was unsubstantiated and closed on September 25, 2012. Plaintiffs may also wish to question Officer Palmiotto about this incident.

Plaintiffs argue that this evidence is probative of Officer Palmiotto's untruthfulness and therefore admissible under Rule 608(b). Plaintiffs further argue that such evidence shows Officer Palmiotto's intent to order the false arrest of plaintiffs and is therefore admissible under Rule 404(b).

First, this evidence is not admissible under Rule 608(b). This rule provides that "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness." As a preliminary matter, this rule does not allow plaintiffs to introduce extrinsic evidence such as the personnel files.

However, Rule 608(b) allows plaintiffs to cross-examine Officer Palmiotto about "prior specific instances . . . probative of [his] character for truthfulness or untruthfulness." "[C]ase

3

law interpreting the express purpose of Rule 608(b) makes clear that not all prior bad acts are admissible to impeach a witness. Such acts are only admissible insofar as they bear on a witness's propensity for truthfulness or untruthfulness," United States v. Devery, 935 F. Supp. 393, 407 (S.D.N.Y. 1996), aff'd 128 F.3d 38 (2d Cir. 1997), and "[u]nder Rule 608(b), the court has discretion to permit or deny a line of inquiry on cross-examination," United States v. Cruz, 894 F.2d 41, 43 (2d Cir. 1990).

Complaints against officers are not probative of a law enforcement witness's truthfulness or untruthfulness unless the underlying conduct involves dishonesty. United States v. Horsford, 422 Fed. App'x 29, 30 (2d Cir. 2011). Other courts in this district have found that an officer's failure to provide his name or badge number does not bear on credibility. See, e.g., United States v. Barret, No. 10-CR-809 (KAM), 2012 WL 194992, at *1-2 (E.D.N.Y. Jan. 23, 2012); United States v. Stone, No. 05 CR 401, 2007 WL 4410054, at *1 (E.D.N.Y. Dec. 14, 2007). Therefore, because failure to provide a name or badge number is not a dishonest act and does not bear on Officer Palmiotto's propensity for truth-telling, the evidence is not admissible under Rule 608(b), and cross examination about this topic will not be permitted.

Second, this evidence is not admissible under Rule 404(b), which governs crimes, wrongs, and other acts, and provides that they are inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Plaintiffs contend that evidence of this incident is admissible for another purpose: to show intent.

Under the law of this circuit, admission of extrinsic acts as evidence of intent under Rule 404(b) is permitted only if "the other act is 'sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge or intent inference advocated by the proponent of the evidence." United States v. Ozsusamlar, 428 F. Supp. 2d 161, 166 (S.D.N.Y.

4

2006) (alterations removed) (quoting United States v. Aminy, 15 F.3d 258, 260 (2d Cir. 1994)). Additionally, the proponent of the evidence must satisfy the probative-prejudicial balancing test of Rule 403.  See United States v. Ortiz, 857 F.2d 900, 903 (2d Cir. 1988).

Here, the intent evidence plaintiffs hope to offer is not at all similar to the conduct at issue.  There is no allegation that, in the present case, Officer Palmiotto declined to provide his name, badge number, or other information to which plaintiffs were entitled.  This evidence simply does not bear on whether or not Officer Palmiotto intended to order the false arrest of plaintiffs.  The evidence is therefore not admissible under Rule 404(b).

In any event, I would exclude this evidence under Rule 403.  Any possible probative value of this evidence is substantially outweighed by the danger of unfair prejudice to Officer Palmiotto.  Plaintiffs seek to introduce mere allegations on a personnel report which were found by the department to be unsubstantiated.  The fact that the report recounts a mere allegation lessens its probative value significantly.  See Berkovich v. Hicks, 922 F.2d 1018, 1023 (2d Cir. 1991) ("[T]he strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing." (quoting Huddleston v. United States, 485 U.S. 681, 689 n.6 (1988)).  For this reason, district courts in this circuit have excluded evidence of unsubstantiated civilian complaints offered under Rule 404(b).  See, e.g., Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 556 (E.D.N.Y. 2011); Hardy v. Town of Greenwich, 629 F. Supp. 2d 192, 197-98 (D. Conn. 2009).

Further, the nature of plaintiffs' evidence raises issues about how plaintiffs could introduce this evidence given that any statement by a third party in a personnel report is inadmissible hearsay within hearsay under Rule 805.  Finally, admitting this evidence would inevitably lead to a mini-trial on the provenance and veracity of the complaint.  The time and

potential confusion wrought by admitting evidence required to contextualize this allegation would overwhelm its probative value.  See Hardy, 629 F. Supp. 2d at 198.

## CONCLUSION

For the reasons set forth above, defendants' motions in limine are granted in full. Plaintiffs' motion in limine is denied.

SO ORDERED.

                                                                                         /s/
                                                                     Allyne R. Ross
                                                                     United States District Judge

Dated:        February 23, 2017
                Brooklyn, New York