```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X
                                                                      :
LAKISHA BRYANT, AS MOTHER AND NATURAL                                 :   15-CV-3762 (ARR)(CLP)
GUARDIAN OF INFANT I.K.; LOURETTE MATHURIN,                           :
AS MOTHER AND NATURAL GUARDIAN OF INFANT                              :   NOT FOR ELECTRONIC
J.M.,                                                                 :   OR PRINT PUBLICATION
                                                                      :
              Plaintiffs,                                             :   OPINION & ORDER
                                                                      :
     -against-                                                        :
                                                                      :
MARK SEREBRENIK; FRANK STANKEVICIUS; LUIS                             :
FALCON; GREGORY JORDAN; MATTHEW COLON;                                X
and JOSEPH PALMIOTTO

              Defendants.
---------------------------------------------------------------------
```

ROSS, United States District Judge:

Plaintiffs, natural guardians of minors I.K. and J.M., allege four causes of action against defendant police officers: (1) unlawful stop and search, (2) false arrest, (3) denial of right to a fair trial, and (4) failure to intervene. First Am. Compl., ECF No. 14, at ¶¶ 46-62. In response to defendants' motion, I granted partial summary judgment against plaintiffs. See Opinion & Order (Oct. 28, 2015) ("Summ. J. Order"), ECF No. 44. I now sua sponte grant summary judgment dismissing plaintiffs' unlawful stop and search claim against all defendants, as this claim is duplicative of plaintiffs' false arrest claim.

The undisputed facts are as set forth in my previous summary judgment opinion. See Summ. J. Order at 3-4. As relevant to this motion, the evidence submitted on summary judgment indicates that plaintiffs were searched only as incident to arrest. See Defs.' Stmt. Undisputed Facts Pursuant Local Civ. R. 56.1, ECF No. 37, ¶¶ 45-56; Pls.' Stmt. Undsiputed Facts Pursuant Local Civ. R. 56.1 ("Pls.' 56.1"), ECF No. 40, ¶¶ 45-56. Indeed, plaintiffs do not mention a

search in their statement of undisputed facts.  See Pls.' 56.1 ¶¶ 45-59.  Nor does plaintiffs' complaint allege a search other than incident to arrest.  See First Am. Compl. & Jury Demand, ECF No. 14, ¶¶ 25, 35, 47.

I therefore find that plaintiffs' unlawful stop and search claims are entirely duplicative of their false arrest claims.  The legality of the searches depends on the legality of the arrests.  United States v. Valentine, 539 F.3d 88, 96 (2d Cir. 2008) (citing New York v. Belton, 453 U.S. 454, 460 (1981) and United States v. Perea, 986 F.2d 633, 642-43 (2d Cir. 1993)).  Plaintiffs "have not identified any harm that [they] suffered from the [search] to separate it from [their] general loss of liberty due to the[ir] arrest[s]."  Faraone v. City of N.Y., No. 13CV9074 (DLC), 2016 WL 1092669, at *4 (S.D.N.Y. Mar. 21, 2016) (granting summary judgment on illegal search claim found duplicative of false arrest claim).

Summary judgment may be granted sua sponte "after giving the party against which the court is contemplating such a decision notice and an opportunity to present evidence and arguments in opposition."  NetJets Aviation, Inc. v. LHC Comms., LLC, 537 F. 3d 168, 178 (2d Cir. 2008) (citing B.F. Goodrich v. Betkoski, 99 F.3d 505, 531 (2d Cir. 1996)).  Where one party has moved for summary judgment, a "[p]laintiff is well aware that all of his claims are subject to dismissal in one form or another."  Posey v. Pruger, No. 10 C 3574, 2015 WL 5610764, at *10 (N.D. Ill. Sept. 22, 2015).  On summary judgment, "'the [c]ourt may search the record and grant summary judgment to either party whose claim has been proved or disproved.'. . . Where the parties' claims are duplicative . . . the [c]ourt will dismiss them sua sponte."  Weihai Textile Grp. Import & Export Co. v. Level 8 Apparel, LLC, No. 11 Civ. 4405(ALC)(FM), 2014 WL 1494327, at *14 (S.D.N.Y. Mar. 28, 2014) (quoting 4Kids Entm't, Inc. v. Upper Deck Co., 787 F. Supp. 2d 236, 249 (S.D.N.Y. 2011)).  Therefore, district courts in this Circuit have dismissed

2

duplicative claims sua sponte where either side has moved for summary judgment. See, e.g., Prof'l Merchant Advance Capital, LLC v. C Care Servs., LLC, No. 13-cv-6562 (RJS), 2015 WL 4392081, at 6 (S.D.N.Y. July 15, 2015) (dismissing duplicative claim sua sponte after plaintiff moved for summary judgment); A.M. ex. Rel. J.M. v. NYC Dept. of Educ., 840 F. Supp. 2d 660, 678 (E.D.N.Y. 2012) (dismissing duplicative claim sua sponte where defendant moved for summary judgment).

      Here, defendants' summary judgment motion put plaintiffs on notice that their claims were subject to dismissal. Plaintiffs responded at length to defendants' arguments that probable cause existed to arrest them, yet presented no argument distinguishing their search claim from their false arrest claim. See Decl. & Mem. Law Opp'n Defs.' Mot. Summ. J., ECF No. 39, at 8-15. The same facts and arguments are relevant to both the false arrest and illegal search claims. Plaintiffs have had a full opportunity to present these arguments, and there is no need to give them an opportunity to present additional arguments. The probable cause issue will be fully litigated at the trial on plaintiffs' remaining claims. Therefore, I sua sponte grant summary judgment for all defendants on the illegal search claim.

SO ORDERED.

                                                            /s/
                                        Allyne R. Ross
                                        United States District Judge

Dated:       February 23, 2017
                Brooklyn, New York